NILO BARGE LINE, INC., a corporation, et al., Plaintiffs,

v.

The M/V BAYOU DULARGE, her engines, boilers, tackle, apparel and furniture, in rem, et al., Defendants.

UNITED STATES of America et al., Plaintiffs,

v.

The M/V BAYOU DULARGE, her engines, tackle and appurtenances, in rem, et al., Defendants.

Nos. 77–0272A(1) and 77–0394A(1).

United States District Court,
E. D. Missouri, E. D.

Oct. 21, 1977.

Gary T. Sacks, Goldstein & Price, G. Byron Sims, Brown, Teed, Sims, Ayre, Glassman & Luther, Houston, Tex., for intervening plaintiffs.

James W. Herron, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Nat'l

---

**13.** *THE HERMOSA,* 57 F.2d 20, 27 (9th Cir. 1932).

**14.** *Id.* at 26–27.

Marine Service, Inc., and intervening plaintiffs.

Joel J. Henderson, Swank, Lane & Associates, Greenville, Miss., Samuel B. Murphy, Jr., St. Louis, Mo., for Marine Credit & Specialized.

Ralph C. Kleinschmidt, Evans & Dixon, St. Louis, Mo., Faris, Ellis, Cutron, Gilmore & Lautenschlaeger, New Orleans, La., for Cargo Carriers.

Joseph M. Kortenhof, Kortenhof & Ely, St. Louis, Mo., for St. Louis Fuel & Supply Co., Inc.

Robert N. Feldmann, Kramer, Chused, Shostak & Kohn, St. Louis, Mo., for Southport Petroleum Co., Inc.

Barry A. Short, U. S. Atty., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., James J. Wilson, Trial Atty., Admiralty & Shipping Section, U. S. Dept. of Justice, Washington, D. C., for Marine Credit & Specialized.

Michael D. O'Keefe, Thompson & Mitchell, St. Louis, Mo., for Ingram Barge.

Jerome M. Rubenstein, Spencer B. Burke, William G. Cole, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for claimant The Hospital Leasing Corp.

Wayne K. Anderson, Jr., Houston, Tex., Thompson, Walther, Shewmaker & Gaebe, St. Louis, Mo., for Vincent Guzzetta, d/b/a Guzzetta Oil Co.

## ORDER DISTRIBUTING THE PROCEEDS OF THE INTERLOCUTORY SALE OF THE M/V BAYOU DULARGE

MEREDITH, District Judge.

This matter is before the Court to distribute the proceeds of the interlocutory sale of the river towboat, the M/V BAYOU DULARGE. The M/V BAYOU DULARGE was seized by *in rem* process by The Hospital Trust Leasing Corporation on December 10, 1976, in a possessory action which has since been dismissed. On March 16, 1977, while the vessel was in the custody of the Marshal, Plaintiff, Nilo Barge Line, Inc., filed a Complaint herein seeking to recover damages resulting from a collision between The M/V BAYOU DULARGE and Nilo's Barge Diana D–102 in an amount of $25,000.00 plus interest and costs. On April 11, 1977, Plaintiff, The United States of America, filed a Complaint herein seeking to recover damages resulting from a collision between the M/V BAYOU DULARGE and Lock No. 27 on the Mississippi River at Granite City, Illinois, in the amount of $3,042.88, plus interests, costs and penalties pursuant to 33 U.S.C. § 412. The above cases were consolidated by Order of this Court on July 19, 1977.

On April 29, 1977, Claimant, The Hospital Trust Leasing Corporation, filed its Claim To Vessel as the true and bona fide sole owner of the M/V BAYOU DULARGE.

Nilo Barge Line, Incorporated, Plaintiff herein, and The Hospital Trust Leasing Corporation, Claimant herein, have agreed that everything in excess of $10,000.00 herein with regard to the claim of Nilo Barge Line, Incorporated, will be paid by insurance.

The United States of America, Plaintiff herein, and The Hospital Trust Leasing Corporation, Claimant herein, have entered into a consent judgment whereby the United States of America has reduced the amount of its claim to a total of $3,042.88.

On March 24, 1977, Smego Marine Transportation Company and Hollywood Marine, Incorporated, filed their motion to intervene, which motion was allowed by the Court. This intervening Complaint alleged damages in tort against the M/V BAYOU DULARGE in the amount of $10,000.00, plus interest and costs. The parties have entered into a consent judgment whereby these intervening plaintiffs have reduced the amount of their claims to a total of $4,124.87.

On May 11, 1977, Ingram Barge, Incorporated filed its motion to intervene, which motion was allowed on May 12, 1977. This intervening Complaint alleged damages in tort against the M/V BAYOU DULARGE in the amount of $18,776.65, plus interest and costs. The parties have agreed that

everything in excess of $8,000.00 herein with regard to this claim will be paid by insurance.

On May 16, 1977, National Marine Service, Incorporated filed a motion to inter-. vene, which motion was allowed by the Court. This intervening Complaint alleged damages in the amount of $4,740.85, plus interest, as a result of making repairs and furnishing services, goods, wares, merchandise and material to the M/V BAYOU DU-LARGE for which payment was not made. The parties have entered into a consent judgment whereby this intervening plaintiff has reduced the amount of its claim to a total of $4,200.00.

On May 6, 1977, Marine Credit Corporation filed its motion to intervene, which motion was allowed by the Court on May 17, 1977. This intervening Complaint alleged damages in the amount of $8,500.00 resulting from failure of the lessee of Marine Credit Corporation's marine electronic equipment to pay certain monthly rental payments due under the lease; the Complaint also alleged damages in the amount of $13,500.00 representing the fair market value of the marine electronic equipment placed aboard the M/V BAYOU DU-LARGE, for a total of $22,000.00 plus interest and costs. On October 11, 1977, by leave of Court, Marine Credit Corporation filed its Amended Claim and Claim of Ownership, alleging damages in the amount of $12,177.90 for delinquent· lease payments, and of $13,795.00 for the fair market value of the marine electronic equipment placed aboard the M/V BAYOU DULARGE for a total of $25,972.90, plus interest and costs.

On May 18, 1977, Cummins Sales & Service, Inc. filed, by leave of Court, its Complaint in Intervention, which Complaint alleged damages in the amount of $28,476.69, plus interest and costs, as a result of making repairs and furnishing supplies and other necessaries to the M/V BAYOU DU-LARGE for which payment was not made. On October 6, 1977, Cummins Sales & Service, Inc., filed a Motion for Permission to Amend Claim, which motion was allowed by the Court. The Amended Complaint of this intervening plaintiff alleged damages in the amount of $45,576.62, plus interest and costs, as a result of making repairs and furnishing supplies and other necessaries to the M/V BAYOU DULARGE, for which payment was not made. The parties have entered into a consent judgment whereby this intervening plaintiff has reduced the amount of its claim to a total of $32,500.00.

On May 23, 1977, Vincent Guzzetta, d/b/a Guzzetta Oil Company, filed a motion to intervene, which motion was allowed by the Court. This intervening Complaint alleged damages in the amount of $4,585.14 plus interest and costs, as a result of furnishing fuel, oil, supplies and materials to the M/V BAYOU DULARGE for which payment was not made. The parties have entered into a consent judgment whereby this intervening plaintiff has reduced the amount of its claim to a total of $4,125.00.

By leave of Court, Cargo Carriers, Incorporated filed its Intervention in this action, which Intervention alleged damages in tort against the M/V BAYOU DULARGE in the amount of $30,000.00. Cargo Carriers, Incorporated has withdrawn its intervening Complaint without prejudice.

Southport Petroleum Company, Inc., filed a motion to intervene on June 13, 1977, which motion was subsequently allowed by the Court. This intervening Complaint alleged damages in the amount of $2,289.50, plus interest and costs, as a result of furnishing fuel, oil, supplies, and materials to the M/V BAYOU DULARGE for which payment was not made. The parties have entered into a consent judgment whereby this intervening plaintiff has reduced the amount of its claim to a total. of $1,500.00.

On June 13, 1977, Specialized Electronics Division of Oakmont Marine Corporation filed its motion to intervene, which motion was allowed by the Court. This intervening Complaint alleged damages in the amount of $4,237.59, plus interest and costs, as a result of performing repair services on the electronic equipment aboard the M/V BAYOU DULARGE for which payment was not made. On October 11, 1977, Specialized Electronics Division of Oakmont

Marine Corporation filed, by leave of Court, its Amended Claim, alleging damages in the amount of $4,465.24, plus interest and cost, as a result of performing the above-mentioned repair services. The parties have entered into a consent judgment whereby this intervening plaintiff has reduced the amount of its claim to a total of $3,236.07.

On June 21, 1977, Hollywood Marine, Incorporated, filed a motion to intervene, which motion was granted by the Court. This motion sought indemnity for tort damages against the M/V BAYOU DULARGE. The Complaint alleged that the intervening plaintiff may be liable to GATX Terminals Corporation as a result of the tort of the M/V BAYOU DULARGE. This intervening plaintiff has now withdrawn its intervening Complaint without prejudice.

On August 9, 1977, St. Louis Fuel and Supply Company, Incorporated filed its motion to intervene, which motion was allowed by the Court. This intervening Complaint alleged damages in the amount of $2,301.39 as a result of furnishing repairs, supplies and other necessaries to the M/V BAYOU DULARGE for which payment was not made. The parties have entered into a consent judgment whereby it is agreed that the sum of $2,301.39 is due and owing to this intervening plaintiff.

On October 11, 1977, Borchers Enterprises, Incorporated filed its motion to intervene, which motion was allowed by the Court. This intervening Complaint alleged damages in the amount of $3,739.90 as a result of furnishing diesel fuel to the M/V BAYOU DULARGE for which payment was not made. The parties have entered into a consent judgment whereby this intervening plaintiff has reduced the amount of its claim to a total of $3,000.00.

On August 18, 1977, the United States Marshal for the Eastern District of Missouri sold the M/V BAYOU DULARGE at public auction in the United States District Court for the Eastern District of Missouri. The M/V BAYOU DULARGE was sold to The Hospital Trust Leasing Corporation for $220,000.00, which funds have been paid into the Registry of the Court.

On August 23, 1977, the Court entered its Order confirming the sale of the M/V BAYOU DULARGE to the aforementioned purchaser for the aforementioned price. This Court has retained jurisdiction over the aforementioned vessel and the proceeds in the hands of the Court pending distribution of the sale proceeds. The Court finds that all the costs of custodia legis and all of the Marshal's costs herein, in the amount of $8,324.82, have been paid from the proceeds in the Registry of the Court.

The Court hereby finds that the parties are entitled to the proceeds of the interlocutory sale of the M/V BAYOU DULARGE in the following manner:

1. Pursuant to the agreement of the parties, Nilo Barge Line, Inc., is entitled to $10,000.00. The United States District Clerk is ordered to pay Nilo Barge Line, Inc., said sum from the proceeds in the Registry of the Court.

2. Pursuant to the agreement of the parties, the United States of America is entitled to $3,042.88. The United States District Clerk is ordered to pay the United States of America said sum from the proceeds in the Registry of the Court.

3. Pursuant to the agreement of the parties, Hollywood Marine, Incorporated and Smego Marine Transportation Company are jointly entitled to $4,124.87. The United States District Clerk is ordered to pay jointly to Hollywood Marine, Incorporated and Smego Marine Transportation Company said sum from the proceeds in the Registry of the Court.

4. Pursuant to the agreement of the parties, Ingram Barge, Incorporated is entitled to $8,000.00. The United States District Clerk is ordered to pay Ingram Barge, Incorporated said sum from the proceeds in the Registry of the Court.

5. Pursuant to the agreement of the parties, National Marine Service, Incorporated, is entitled to $4,200.00. The United States District Clerk is ordered to pay National Marine Service, Incorporated said sum from the proceeds in the Registry of the Court.

**22**

6. Pursuant to the agreement of the parties, Cummins Sales & Service, Incorporated, is entitled to $32,500.00. The United States District Clerk is ordered to pay Cummins Sales & Service, Incorporated, said sum from the proceeds in the Registry of the Court.

7. Pursuant to the agreement of the parties, Vincent Guzzetta, d/b/a Guzzetta Oil Company, is entitled to $4,125.00. The United States District Clerk is ordered to pay Vincent Guzzetta, d/b/a Guzzetta Oil Company, said sum from the proceeds in the Registry of the Court.

8. Pursuant to the agreement of the parties, Southport Petroleum Company, Incorporated, is entitled to $1,500.00. The United States District Clerk is ordered to pay Southport Petroleum Company, Incorporated, said sum from the proceeds in the Registry of the Court.

9. Pursuant to the agreement of the parties, Specialized Electronics Division of Oakmont Marine Corporation is entitled to $3,236.07. The United States District Clerk is ordered to pay Specialized Electronics Division of Oakmont Marine Corporation said sum from the proceeds in the Registry of the Court.

10. Pursuant to the agreement of the parties, St. Louis Fuel and Supply Company, Incorporated, is entitled to $2,301.39. The United States District Clerk is ordered to pay St. Louis Fuel and Supply Company, Incorporated, said sum from the proceeds in the Registry of the Court.

11. Pursuant to the agreement of the parties, Borchers Enterprises, Incorporated, is entitled to $3,000.00. The United States District Clerk is ordered to pay Borchers Enterprises, Incorporated said sum from the proceeds in the Registry of the Court.

12. Cargo Carriers, Incorporated has withdrawn its intervening Complaint herein; said claimant takes nothing from the proceeds in the Registry of the Court.

13. Hollywood Marine, Incorporated has withdrawn its intervening Complaint for indemnity herein; said claimant takes nothing from the proceeds in the Registry of the Court.

14. The Court hereby finds that Marine Credit Corporation does not have a maritime lien against the M/V BAYOU DULARGE and, therefore, is entitled to no distribution from the sale proceeds.

15. The Claimant, The Hospital Trust Leasing Corporation, is entitled to the rest, remainder, and residue of the proceeds of the interlocutory sale of the M/V BAYOU DULARGE, said amount being $135,644.97. The United States District Clerk is ordered to pay The Hospital Trust Leasing Corporation said sum from the proceeds in the Registry of the Court.

SO ORDERED.